IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADAM R. LACKEY                                                                                    PLAINTIFF

v.                                        No. 5:16-CV-5025

SHERIFF KELLEY CRADDUCK;
LIEUTENANT J. MARTINEZ;
SERGEANT LARA; SERGEANT
MONDAY; and SERGEANT
T. SHARP                                                                                          DEFENDANTS

**OPINION AND ORDER**

The matter is before the Court for preservice screening of Plaintiff's complaint under the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     Background**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis. According to the allegations of the complaint, Plaintiff requested to participate in a General Equivalency Degree (GED) program offered at the Benton County Detention Center (BCDC). Beginning in July of 2014, Plaintiff asked to join the GED program. He states he was told that he would be put on the list. This occurred multiple times and despite the GED class being offered several times, Plaintiff states he was never put into the class. Plaintiff was transferred to the Arkansas Department of Correction (ADC) on May 28, 2015.

Plaintiff returned to the BCDC on August 13, 2015, and again inquired about the GED program. Initially, he was told by Lieutenant Martinez that if he was selected, he would be

1

notified. In mid to late September, Plaintiff states he was advised that those in the sex offender pods, E104 and E107 were not allowed to take the GED class. Plaintiff then asked why a small class could not be offered for the sex offenders. He was told that it was something that could be looked into. In December of 2015 and January of 2016, the GED class was not offered at the jail.

Plaintiff maintains he has been discriminated against in connection with the provision of the GED class at the jail. Plaintiff also contends he was denied a copy of the BCDC's policy with respect to the GED program. Plaintiff indicates he submitted multiple grievances about wanting to participate in the GED program. He alleges that a number of times he would address the grievance to the attention of one officer but it would get intercepted and responded to by another officer. *See e.g.,* Doc. 1 at p. 11 (to the attention of Captain Guyll but intercepted by Sergeant Monday and sent to Lieutenant Martinez); Doc. 9 at p. 1 (same); Doc. 1 at p. 6 (to the attention of Lieutenant Martinez but responded to by T. Sharp). Plaintiff did not believe his grievances were given the attention they deserved.

## II. Discussion

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted

sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated should be treated alike."  *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  An equal protection claim is stated when a fundamental right has been infringed or a state actor intentionally discriminates against the plaintiff because of membership in a protected class.  *See  e.g., Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1424 (6th Cir. 1996).

      To allege a cognizable Equal Protection claim, Plaintiff must establish: (1) intentional or purposeful discrimination; and (2) a violation of a fundamental right, membership in a protected class, or different treatment of similarly situated inmates.  *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003).  Prisoners are not a protected class.  *Murray v. Dosal*, 150 F.3d 814 (8th Cir. 1998).  Sex offenders are frequently separated from other inmates in a detention facility because general population inmates may target the sex offenders.  *See e.g.*, *Tucker v. Royce*, No. 1:09-cv-35, 2011 WL 541116 (N.D. Miss. Feb. 8, 2011) (placing sex offenders in protective custody because they are likely to be attacked by other inmates).  There is no fundamental right to participate in a GED class.  Therefore, Plaintiff must show that similarly treated classes of inmates are treated differently and that this difference bears no rational relation to any legitimate penal interest.  *Phillips*, 320 F.3d at 848.  Plaintiff has alleged that sex offender inmates were denied the right to participate in the GED program while general population inmates were allowed to participate.  At this stage, Plaintiff has sufficiently alleged that he was treated differently from other similarly situated individuals.

To the extent Plaintiff might argue a Due Process violation on the basis that Defendants failed to treat his grievances as seriously as he felt they should be or that his grievances were diverted and Defendants did not follow the grievance process, the claims fail.  Prison inmates do not have a substantive right to grievance procedures, and a correctional facility's failure to process grievances does not implicate the fourteenth amendment's Due Process clause.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *see also Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim).  "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman*, 112 F. Supp. 2d at 542 (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id*. (citation omitted).  Any Due Process claim based on Plaintiff's complaints about the grievance procedure is subject to summary dismissal.

### III.    Conclusion

IT IS THEREFORE ORDERED that any Due Process claims regarding the grievance procedure be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e), because Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted. Plaintiff's Equal Protection claims remain pending.

IT IS SO ORDERED this 23rd day of August, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE