IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADAM R. LACKEY                                                               PLAINTIFF

    v.                                        No. 5:16-CV-05025

SHERIFF KELLEY CRADDUCK;
LIEUTENANT J. MARTINEZ;
SERGEANT LARA; SERGEANT
MONDAY; AND SERGEANT
T. SHARP                                                                    DEFENDANTS

## ORDER

The Court has received a report and recommendation (Doc. 37) from United States Magistrate Judge Erin L. Wiedemann. The magistrate recommends that the Court grant Defendants' motion for summary judgment (Doc. 32) and dismiss this case with prejudice. No objections have been filed and the deadline to object has passed. The report and recommendation will be adopted in part and rejected in part.

Plaintiff filed this civil rights action pursuant to 42 U.S.C. §1983 asserting claims under the due process clause and the equal protection clause for the defendants' actions in not offering plaintiff the opportunity to participate in a GED educational program at the Benton County Detention Center. The Court has already dismissed the due process claim with prejudice (Doc. 13). The report and recommendation is rejected to the extent that it addresses the due process claim.

Plaintiff is a sex offender who was segregated from the general prison population, along with all other sex offenders, in the Benton County Detention Center. Citing *Little v. Terhune*, 200 F. Supp. 2d 445 (D.N.J. 2002), for the proposition that segregating inmates for security reasons provides a rational basis for the disparate availability of educational programs and does not violate

the equal protection clause, the magistrate judge recommends dismissal of the equal protection claim on the basis that denying plaintiff participation in the GED program is related to a legitimate penological need—the security of the inmates, staff and volunteers in the GED program. The Court rejects that reasoning. *Little* involved a prisoner segregated from the general prison population for disciplinary violations. The plaintiff in this case was segregated from general population based only on his classification as a sex offender. While segregation of sex offenders or those charged with sex offenses is based on a legitimate penological need, it does not necessarily follow that those inmates should be denied educational opportunities because of their classification. For that reason, the Court declines to adopt the reasoning of the magistrate judge in the report and recommendation as it relates to the equal protection claim. While the individual capacity claims are subject to dismissal for the reasons set for the in the report and recommendation, and the Court adopts that reasoning, the question of whether plaintiff might have an official capacity claim for injunctive relief for a violation of the equal protection clause remains open.

However, the Court need not address whether there was an equal protection clause violation in this case because the plaintiff completed and graduated from the GED program after being transferred to the Arkansas Department of Corrections (Doc. 34-6 at 40-41). Therefore, the Court finds that plaintiff's equal protection claim for injunctive relief is moot and the Court need not decide the issue. *See McMillan v. Chief Judge, Cir. Ct. of Green Cty.*, 711 F.2d 108, 109 (8th Cir. 1983) ("Because [the plaintiffs] have already received the relief they request, we dismiss their appeal as moot.").

IT IS THEREFORE ORDERED that the report and recommendation is ADOPTED IN PART, and Defendants' motion for summary judgment (Doc. 32) is GRANTED. The individual

capacity claims are DISMISSED WITH PREJUDICE. The official capacity claim seeking injunctive relief premised on a violation of the equal protection clause is DISMISSED WITH PREJUDICE on the grounds that the plaintiff's claim is MOOT. Judgment will be entered accordingly.

IT IS SO ORDERED this 20th day of November, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE